IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Vaughn ADAMS : CIVIL ACTION

v.

The City of Philadelphia, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             (X)

6/11/13                      _[signature]_              Plaintiff
Date                         Attorney-at-law            Attorney for

215 564 6544        215 383 0370              LKL@TheChristineFirm.com
Telephone            FAX Number                E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6439 N. 20th St. Philadelphia PA

Address of Defendant: 1515 Arch St. Philadelphia PA

Place of Accident, Incident or Transaction: Philadelphia PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, L. Kenneth Chotiner, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/11/13      _____ Attorney-at-Law      77451 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____      _____ Attorney-at-Law      _____ Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vaughn Adams
6439 N. 20th Street
Philadelphia, PA

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
L. Kenneth Chotiner, LL.M.
The Chotiner Firm
1818 Market Street, Ste. 3740, Philadelphia, PA 19103

## DEFENDANTS
The City of Philadelphia, et al
1515 Arch Street, Philadelphia, PA 19102

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec. 1983
Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: The Honorable Jan E. DuBois
DOCKET NUMBER: 13-360

DATE: 06/11/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAUGHN ADAMS<br><br>                                Plaintiff<br><br>Vs.<br><br>THE CITY OF PHILADELPHIA, POLICE OFFICER TIMOTHY BRYANT, BADGE NUMBER 6322, POLICE OFFICER JOHNATHAN LAZARDE, BADGE NO. 4240, AND POLICE OFFICERS JOHN DOE NUMBERS 1 THROUGH TEN, BADGE NUMBERS UNKOWN<br><br>                                Defendants | CIVIL ACTION<br><br>No.: 13-CV-<br><br>JURY TRIAL DEMANDED |

COMPLAINT

I.     JURISDICTION

    1.     This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

II.    PARTIES

    2.     Plaintiff, Vaughn Adams, ("Plaintiff" or "Mr. Adams") is a resident and citizen of the Commonwealth of Pennsylvania, 6439 N. 20th Street, Philadelphia, Pennsylvania.

    3.     Defendant, City of Philadelphia, is a City of the First Class in the Commonwealth of Pennsylvania and a municipal corporation duly existing and organized under the laws of Pennsylvania with offices for service at 1515 Arch Street, Philadelphia, PA 19102. At all times relevant hereto, Defendant, City of Philadelphia, operated under the color of state law in creating and maintaining a Police Department and was the employer of all of the Police Officer Defendants in this action.

4. Defendant, Police Officer Timothy Bryant, Badge No.: 6322 ( "OFFICER Bryant"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

5. Defendant, Police Officer Jonathan Lazarde, Badge No.: 4240 ( "OFFICER Lazarde"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

6. Defendants, John Doe, Number One through Ten, are factitious names of individuals heretofore unascertained that were at all times relevant to this Complaint, Police Officers for the City of Philadelphia and acted under the color of state law. They are being sued in both their individual and official capacities.

7. At all times material and relevant to this complaint, Defendant, City of Philadelphia, did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

8. At all times referred to herein, Defendants, acted under color of the laws, statutes ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the City of Philadelphia and the Police Department of the City of Philadelphia, and pursuant to their authority as police officers of the City of Philadelphia and its police department.

III. FACTS

9. On or about March 31, 2012, at approximately 10:30 p.m., Mr. Adams was the operator of a vehicle that was stopped by Defendants, Bryant and Lazarde, in the vicinity of 2600 Stenton Avenue, in the City and County of Philadelphia.

10. Defendants, Bryant and Lazarde, approached the driver side of the vehicle and then hit Mr. Vaughn in the mouth first with a gun and then with fists.

11. Then Defendants, Bryant and Lazarde, dragged Mr. Vaughn out of the car, whereupon they kicked him and punched him.

12. Defendants then placed Mr. Vaughn in the back of their patrol car and hit him with the gun in the face one more time.

13. Mr. Adams required stitches to his lip and suffered bruises to his face.

14. The aforesaid assault, battery and use of excessive force, and the physical and psychological abuse inflicted upon Mr. Adams by Defendants, Bryant and Lazarde, were carried out unlawfully, maliciously and intentionally.

15. As a direct and proximate result of the negligent, intentional, unlawful, reckless and malicious acts described above, all committed by Defendants, Officers Bryant and Lazarde, under color of law, under his/their authority as City of Philadelphia Police Officers, while acting in the course and scope of their employment and pursuant to authority vested in them by City of Philadelphia, Defendants caused plaintiff herein to sustain serious and painful injuries to his body, and to suffer serious mental anguish and economic damages, some or all of which injuries and damages may continue indefinitely into the future.

**FIRST CAUSE OF ACTION**
**EXCESSIVE USE OF FORCE BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983**

16. The allegations set forth in paragraphs one through fifteen inclusive, are incorporated herein as if fully set forth.

17. At the time and date aforementioned, Defendants used unnecessary force on Mr. Adams by placing him in handcuffs and punching him in the face and then transporting him to

the district. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

18. At no time did plaintiff offer or commit any violence against defendants.

19. As a direct and proximate result of the aforesaid unlawful and malicious physical abuse of plaintiff by defendants, committed under color of law and under each individual defendant's authority as a police officer of the City of Philadelphia, plaintiff suffered harm and was deprived of his right to secure his person against unreasonable seizure of his person, and the excessive use of force violated his Fourth and Fourteenth Amendment Constitutional rights.

20. As a direct and proximate result of the malicious and outrageous conduct of Defendants, plaintiff suffered physical injuries, as well as psychological and emotional injuries, some or all of which may be permanent.

21. The acts of Defendants as aforesaid were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against the defendants in their individual capacities.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## SECOND CAUSE OF ACTION
## STATE LAW CLAIM FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

22. The allegations set forth in paragraphs one through twenty-one inclusive, are incorporated herein as if fully set forth.

23. Defendants assaulted and battered plaintiff as aforesaid.

24. As a direct and proximate result of this assault and battery, plaintiff suffered damages as aforementioned throughout this complaint.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. SECTION 1983 AGAINST THE CITY OF PHILADELPHIA FOR ITS FAILURE TO INVESTIGATE, TRAIN, SUPERVISE, AND/OR DISCIPLINE

25. The allegations set forth in paragraphs one through twenty-four inclusive, are incorporated herein as if fully set forth.

26. Prior to March 31, 2012, the City of Philadelphia, including but not limited to the City of Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the constitution rights of persons in Philadelphia, which caused the violations of plaintiff's civil rights.

27. It was the policy and/or custom of the City of Philadelphia, by and through its Police Department to inadequately and improperly investigate acts of misconduct by its officers, including defendant officer(s), such that these acts of misconduct were tolerated and known by the City of Philadelphia, including the incident involving plaintiff in this matter.

28. It was the policy and/or custom of the City of Philadelphia and its Police Department to inadequately supervise and train its police officers, including the defendant officer(s), thereby failing to adequately discourage further constitutional violations on the part of it police officers. The City of Philadelphia, by and through it Police Department, did not require appropriate in-service training or re-training of officer(s) who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and unlawful behavior and further police misconduct.

29. As a result of the above described policies and customs, police officers of the City of Philadelphia and its Police Department, including the defendant officer(s), believed that his/their actions would not be properly monitored by supervisor officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. The above described policies and customs, police officers of the City of Philadelphia, by and through its Police Department, demonstrated an indifference on the part of policymakers of the City of Philadelphia and its Police Department to the constitutional right of person within the City of Philadelphia, and were the cause of the violations of plaintiff's rights alleged herein.

31. The acts and failures to act of Defendant, City of Philadelphia, by and through its Police Department, committed under color of law. As herein above set forth, deprived plaintiff of

his rights, privileges and immunities guaranteed to him as a citizen of the United States, in violation of 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988, and deprived the plaintiff of rights guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Pennsylvania Constitution.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## JURY DEMAND

32.     Plaintiff demands a jury trial as to each Defendant and as to each count.

WHEREFORE, plaintiff respectfully requests this Honorable Court grant the relief herein requested.

THE CHOTINER FIRM

_____
L. KENNETH CHOTINER, LL.M.
Counsel for Plaintiff
1818 Market Street, Suite 3740
Philadelphia, PA 19103
215.564.6544